UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: Motion to Disclose Intercepted Communications | ) ) ) ) ) |
| | No.　08 CR 1010 |
| UNITED STATES OF AMERICA | ) ) ) |
| v. | ) )　Chief Judge James F. Holderman ) |
| ROD BLAGOJEVICH and JOHN HARRIS | ) ) ) |

## PROTECTIVE ORDER

Upon the agreement of counsel for the government and counsel of record for the interceptees who participated in the four wire communications ("the communications") that are the subject of the government's Motion to Disclose Intercepted Communications to the Special Investigative Committee of the Illinois House of Representatives, R. 16 ("the motion to disclose"), it is hereby ORDERED as follows:

　　1.　　All materials produced to the interceptees by the government in connection with the motion to disclose, including but not limited to the full and redacted recordings of the communications, transcripts of the recordings, and if later ordered to be disclosed, the applications, affidavits, and orders underlying the court-authorization to intercept the communications, as well as any other materials of any kind, shall remain the property of the United States. Upon disposition of the motion to disclose and any appellate proceeding therefrom, all of the produced materials shall be returned to the United States.

　　2.　　All materials produced by the United States may be used by the interceptees, the interceptees' counsels of record in this case, and the counsels' co-counsel and employees, solely in connection with the motion to disclose and in connection with no other proceeding. The interceptees, their counsels of record, and the counsels' co-counsel and employees shall not disclose the produced materials or the

materials' content either directly or indirectly to any person other than the interceptees, their counsels of record, the counsel's co-counsel and employees assisting counsel in responding to the motion to disclose, or such other persons as to whom the Court may explicitly authorize disclosure.  Any notes or records of any kind that the interceptees, their counsel, or counsels' co-counsel and employees might make relating to the contents of materials provided by the United States shall not be disclosed to anyone other than the interceptees, their counsel, and counsels' co-counsel and employees, or such other person as to whom the Court may explicitly authorize disclosure, and all such notes and records shall not be disclosed except as provided by this Order.

      3.     The interceptees' counsels of record shall inform all of counsels' co-counsel and employees to whom any of these materials are disclosed that the disclosure is made pursuant to the terms of this Order; shall provide each of these individuals with a copy of this Order; and shall direct each of these individuals to comply with the terms of this Order.

      4.     The materials produced by the United States shall not be copied or reproduced by the interceptees, their counsels of record, or counsels' co-counsel and employees.

      5.     The restrictions set forth in this Order do not apply to the United States, and nothing in this Order limits the government's use or dissemination of these materials.

      6.     The restrictions set forth in this Order do not apply to documents that are in the public record or public domain.  In addition, this Order does not apply to any materials that the interceptees obtain from any sources other than the government.

      7.     The Order may be modified by the agreement of the parties with permission of the Court or by further Order of the Court.

8. Any violation of this Order may result in imposition of civil and criminal sanctions.

ENTER:

*James F. Holderman*

JAMES F. HOLDERMAN
Chief Judge, United States District Court
for the Northern District of Illinois

Dated: January 6, 2009